JURISDICTION OF MUNICIPAL COURTS—FOREIGN CORPORATIONS.
A municipal court has no jurisdiction of an action for the recovery of money against a foreign corporation.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Joseph C. Heimerdinger against the American Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Arthur H. Van Brunt, for appellant.
David M. Neuberger, for respondent.

LEVENTRITT, J. It appearing affirmatively by the record that the defendant is a foreign corporation, the judgment must be reversed, as the municipal court had no jurisdiction. Rieser v. Parker, 27 Misc. Rep. 205, 57 N. Y. Supp. 745.

Judgment reversed, with costs to the appellant. All concur.

---

In re VOLUNTARY DISSOLUTION OF GRAND CENTRAL BANK.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

ELECTION OF REMEDY—BANKS—INSOLVENCY.
A bank was dissolved, and a receiver appointed, who assigned a judgment in favor of the bank, under authority of court. The assignee attempted to enforce the judgment against the proceeds of the share of the debtor in realty which had been sold in partition proceedings. A stockholder of the bank intervened, and attacked the assignment of the judgment, setting forth defects in the dissolution proceeding. *Held*, that he could not afterwards move to have the dissolution proceedings set aside on account of said defects.

Appeal from special term, New York county.

Petition of Raphael J. Moses to set aside an order dissolving the Grand Central Bank.    From an order denying relief (57 N. Y. Supp. 418) petitioner appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Raphael J. Moses, in pro. per.
Oscar F. G. Megie, for respondent.
George H. Taylor, Jr., for receiver.

O'BRIEN, J.    In 1878 the Grand Central Bank recovered four judgments against Thomas E. Foran and James P. Brown, and thereafter, in January, 1879, the bank ceased to do business, and under the direction of the banking department paid all its depositors and creditors, and also paid a dividend of 30 per cent. to its stockholders. In January, 1894,—more than 15 years after the corporation had ceased to do business,—a petition of the majority of the directors was presented, and proceedings instituted for the voluntary dissolution of the corporation, and in December, 1894, an order was entered dissolving the corporation, and appointing a receiver. No service of the application for the dissolution or for the appointment of the receiver was made on the attorney general, which, it is insisted, rendered the proceedings void under section 8 of chapter 378 of the Laws of 1883. The receiver was shortly thereafter discharged, but in the order discharging him authority was given to satisfy or assign the judgments in favor of the bank against Thomas E. Foran and James P. Brown; these being the only assets except a small sum of money that remained undistributed. Upon representations that these judgments were of no value, they were assigned to one Schaffner. Prior to such assignment, and in 1886, a decree of partition and sale was entered in the action of Treacy against Ellis, wherein it was decreed that the judgments against Foran and Brown were liens against the share of Brown in the property to be sold under the decree, and the referee appointed therein was directed to and did deposit with the chamberlain the proceeds of the sale of the share of Brown in the property, there to remain till the further order of the court. Schaffner, upon obtaining the assignment of the judgments, joined with other creditors of Brown in making a motion for the distribution of the moneys represented in the share of Brown then in the hands of the chamberlain, which motion was at first denied, with leave to renew, which latter motion was granted, and required that those beneficially interested in the assets of the bank should be notified of the day and time when the order would be applied for directing a distribution of the share of Brown. Before that date the petitioner here, reciting in his application to the court for leave to be made a party certain alleged defects in connection with the dissolution proceedings, in addition to the failure to serve notice on the attorney general, was given leave to appear before the referee who was appointed to determine the rights of the parties to the moneys in the chamberlain's hands to the credit of Brown, and was allowed to submit proof of his interest in the capital stock of the bank. He appeared before

the referee, submitted his proofs, and, though the reference is closed, no decision had been reached, and the proceeding was pending when this application was made to set aside the order dissolving the corporation. This petitioner, Mr. Moses, does not appear to have been a stockholder when the bank ceased to do business, and has never appeared as a stockholder in the books of the bank, nor does he say from whom he bought the stock, or what he paid for it. It is, however, fairly to be inferred that he obtained the stock prior to December, 1887, and that at that time the persons in charge of the bank knew that he claimed to be a stockholder, because he was paid a dividend as the owner and holder of 200 shares of the stock of the bank. Assuming his right, therefore, to be regarded as a stockholder notwithstanding that the stock was not transferred to his name in the books of the bank, and to present his petition to the court, he must, on the other hand, be held bound by the ordinary rules which are binding upon a person seeking to occupy two inconsistent positions. In his original petition, asking to intervene in the proceedings before the referee upon the question of the validity of the assignment from the receiver to Schaffner, and the right of the latter to all or some of the share of Brown, he fully set forth all the defects and irregularities in the dissolution proceedings upon which he predicates the present motion to set aside such proceedings. Had he then made this motion, he would probably have been in a position to raise some or all of the questions he now presents; but, instead of asking for such relief, he sought and obtained leave to appear before the referee to test the title of Schaffner to the judgments assigned by the receiver, and his right to obtain any benefit therefrom. Having full knowledge of all the facts, he was then called upon to elect whether he would recognize the dissolution proceedings, or assail their validity. He chose the former, however, and obtained the order permitting him to appear before the referee, and contest the title to the judgments obtained by Schaffner from the receiver. Without waiting for the decision of the referee, or giving any notice to Schaffner, whose rights would necessarily be affected if the petitioner is now successful, he moved on the other and different theory to have the dissolution proceedings and the receivership declared null and void. We think that the denial of the motion by the judge below upon this ground was right, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur; PATTERSON, J., in result.